IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

No. 1:10-cr-30011-PA-3

**ORDER**

   v.

ARON CERVANTES-HERNANDEZ,

        Defendant.

**PANNER, J.**

    Defendant Aron Cervantes-Hernandez moves to modify his sentence under 18 U.S.C. § 3582(c), contending he is eligible for a reduced guideline range under a recent Department of Justice policy. I deny the motion.

**BACKGROUND**

    Defendant pleaded guilty to conspiracy to distribute 500

1 - ORDER

grams or more of a mixture containing methamphetamine. The presentence report calculated a guideline range of 135 to 168 months. I sentenced defendant to 135 months' imprisonment.

## DISCUSSION

This court may modify a term of imprisonment if the Sentencing Commission subsequently lowered the guideline range under which the defendant was sentenced. 18 U.S.C. § 3582(c)(2). Here, as support for his motion to modify the sentence, defendant cites a recent Department of Justice policy for all districts that authorizes "fast-track" programs for defendants charged with illegal reentry. See United States v. Garcia-Medina, 2012 WL 1673916, at *3 (D. Kan. May 14, 2012) (describing policy for fast-track programs).

To justify the reduction of a sentence under § 3582(c)(2), there must be a post-sentence adjustment to the guidelines by the Sentencing Commission. See id. at *4. Here, defendant relies on a Department of Justice policy, not an adjustment to the guidelines by the Sentencing Commission.

Furthermore, the new Department of Justice policy applies to defendants charged with illegal reentry. Id. at *3. Here, defendant was convicted of conspiracy to manufacture methamphetamine.

Defendant is not eligible for relief under § 3582(c)(2).

2 - ORDER

**CONCLUSION**

Defendant's motion to modify sentence (#80) is denied.

IT IS SO ORDERED.

DATED this **3** day of December, 2012.

*Owen M. Panner*
OWEN M. PANNER
United States District Judge

3  - ORDER